NYGAARD, Circuit Judge,
dissenting.
I agree with most of the analysis and conclusions reached by the majority in its well-crafted and thorough opinion. I disagree, however, with the remedy. The Commonwealth (Appellant) argued before us that “the Pennsylvania court should be allowed to conduct a Batson hearing if any is deemed necessary.” (emphasis added). I conclude that a hearing is not only unnecessary, but is unwarranted.
In its opinion, the District Court concluded that:
The proper relief in this case is a new trial with the opportunity to retry the petitioner before a properly selected jury. A new trial is especially appropriate where, as here, the passage of time makes a new evidentiary hearing on the petition impossible. Nearly twenty years have passed since Petitioner’s trial, such a length of time that even Respondents [the Commonwealth] admit[s] that an evidentiary hearing on Petitioner’s Batson claim is unlikely to be helpful.[7]
I find that the District Court’s reasons and reasoning are compelling and supported by the record. Hence, and essentially for the reasons given by the District Court, I respectfully dissent.
The Appellant argues that we should remand for a Batson hearing. I believe, however, that the Appellant is judicially estopped from presenting its “actual reasons,” given the district attorney’s admission during the direct appeal that she could not remember her reasons, nor could she reconstruct the record. Our opinion in Johnson v. Love, 40 F.3d 658 (3d Cir.1994), raises an interesting option for remand in certain cases for a hearing, allowing the state to attempt to meet its burden through circumstantial evidence of the prosecutor’s intent. I do not think that works well here. We have the entire record before us, and it is clear that the prosecutor discriminated by striking African-Americans. The record is devoid of her intent. Moreover, although the appellant provides many reasons why any particular juror might have been struck, it has not proffered any evidence of why they were or anything that would indicate a hearing on circumstantial evidence of actual reasons or intent would be productive.
I would affirm the District Court’s decision to issue the writ and grant Petitioner Hardcastle a new trial.

. Also shortly after the trial and conviction, and on appeal to the three-judge Common Pleas panel, the prosecutor explained that she was unable to recall why she struck the African-American juror:
How can I possibly now tell you why I challenged anybody? I don’t think that now, some six months after, I can tell you why I challenged somebody then. I don’t know how we can possibly have a hearing as to why I challenged a particular juror six months later.
Similarly, the prosecutor argued that it was impossible for her to reconstruct the record at that stage.